**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| SHANDALAYIA SPANN,<br><br>    Plaintiff,<br><br>        v.<br><br>CUMBERLAND/SALEM MUNICIPAL COURT, SALEM SUPERIOR COURTHOUSE, NEW JERSEY STATE POLICE, JOHN T. LENHAN, CUMBERLAND COUNTY SALEM PROSECUTORS OFFICE, LESLIE MCCNAIR, NORTHBROOK BEHAVORIAL HOSPITAL, ANCHORA BEHAVORIAL HOSPITAL, VINELAND POLICE DEPARTMENT, AL LEMAN,<br><br>    Defendants. | Civil No. 21-11066 (RMB/MJS)<br><br>OPINION |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon Plaintiff Shandalayia Spann's filing of a pro se Complaint [Dkt. No. 1] against Defendants New Jersey State Police, Cumberland Salem Municipal Court, Salem Superior Court, Cumberland County Salem Prosecutor's Office, Leslie McCNair [sic], John T. Lenhan, Northbrook Behavioral Hospital, Anchora Behavioral Hospital [sic], Vineland Police Department, and Trooper MT Al Leman [sic]. As best the Court can decipher, Plaintiff asserts several claims under federal question jurisdiction regarding the actions of these Defendants in an incident that occurred on April 9,

2015. Along with her Complaint, Plaintiff filed an application for permission to proceed in forma pauperis ("IFP")[Dkt. No. 1-1].

For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the pro se Complaint on the docket. Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint for sua sponte dismissal.

I. **IFP APPLICATION**

When a non-prisoner files an IFP Application seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiff has established that she lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

## II. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action <u>sua sponte</u> "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive <u>sua sponte</u> screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS</u>

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."). When a plaintiff files a complaint pro se and is faced with a motion to dismiss, "unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.))

4

(emphasis added). This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend. Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate ... allegations of another ... federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

**III. DISCUSSION**

In the five-page pro se Complaint, Plaintiff asserts that her rights have been violated under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Thirteenth Amendments. Plaintiff lists these amendments solely by number and does not set forth a cause of action under any of these amendments with the facts

provided. Plaintiff seeks monetary restitution, a public apology, and a clearance of her criminal record.

In analyzing the facts in Plaintiff's narrative, the Court cannot identify where and how Plaintiff's rights under these amendments were violated. Plaintiff's claims arise from an April 2015 incident where she was allegedly arrested, medically evaluated, and criminally charged. What began as an argument between Plaintiff and her grandmother ended in Plaintiff's arrest after she "broke all the windows out the house" and "broke the her car window [sic]." Complaint, page 3. Plaintiff alleges that she "started throwing stuff" and struck her brother with an unknown object during an argument, and that she "picked something up to defend myself" when her brother said that he was going to hurt her unless she calmed down. Furthermore, Plaintiff alleges that she "slightly kicked the EMT [Emergency Medical Technician] worker" when the police department attempted to transport her via ambulance. Complaint, page 4.

As noted, Plaintiff alleges that she was charged with several crimes. As best the Court can decipher, these charges include aggravated assault on an emergency medical services person, criminal mischief to damage property, criminal mischief causing pecuniary loss, violation of a domestic violence order, and aggravated assault, attempt to cause bodily injury with a deadly weapon. Plaintiff requests that her "record [be]

cleared" and seeks restitution of the money she "had to pay out." She also requests a public apology.

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8, as it contains no short and plain statement of the facts supporting Plaintiff's claims, i.e., answering the basic questions of who? what? where? and when?[1]. Aside from a mere listing of amendments, and a narrative of Plaintiff's own behavior that led to her arrest, Plaintiff has failed to raise any viable allegations against any defendant.

Moreover, any claims would appear to be time-barred. As Plaintiff alleges a violation of her constitutional rights, any cause of action would arise under 42 U.S.C. § 1983. Claims under § 1983 are governed by the applicable state's general or residual statute of limitations for such actions. See Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (cited in Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (same). Accordingly, New

---

[1] See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation...[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations omitted).

7

Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir.2010) (citing Montgomery v. DeSimone, 159 F.3d 120, 126 & n. 4 (3d Cir.1998) and Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989)). As Plaintiff's allegations stem from an incident that occurred in 2016, the two-year limitations period has long passed.

To the extent Plaintiff seeks this Court to vacate her conviction, as it appears, this Court is without jurisdiction. See, e.g., Heck v. Humphrey, 512 U.S. 477, 489, 114 S. Ct. 2364, 2373, 129 L. Ed. 2d 383 (1994) ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.")

Lastly, as it appears that any attempt to amend are futile, this Complaint will be **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed in forma pauperis will be **GRANTED**. Upon screening,

8

however, Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. An appropriate Order shall issue on this date.

**DATED:** June 1, 2021

                                          <u>s/ Renée Marie Bumb</u>

                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE